IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:06-CR-123-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARCOS LOPEZ-GUZMAN, | ) | |
| | ) | |
| Defendant. | ) | |

On February 5, 2007, pursuant to a written plea agreement, Marcos Lopez-Guzman ("Lopez-Guzman") pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than 500 grams of cocaine (count one), and possession of a firearm in furtherance of a drug trafficking crime (count two). See [D.E. 10, 12, 26]. On June 20, 2007, the court held Lopez-Guzman's sentencing hearing. See [D.E. 17, 19, 25]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 25] 1–6. The court calculated Lopez-Guzman's total offense level to be 33, his criminal history category to be III, and his advisory guideline range on count one to be 168 to 210 months' imprisonment. See Sentencing Tr. at 1–6. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Lopez-Guzman to 186 months' imprisonment on count one and 60 months' consecutive imprisonment on count two. See id. at 13–20. Lopez-Guzman appealed. On February 20, 2008, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Lopez-Guzman, 264 F. App'x 348, 349–50 (4th Cir. 2008) (per curiam) (unpublished).

On November 23, 2015, Lopez-Guzman moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 46]. On March 14, 2018, Lopez-

Guzman filed a second motion for a sentence reduction. See [D.E. 47]. Lopez-Guzman's new advisory guideline range on count one is 135 to 168 months' imprisonment, based on a total offense level of 31 and a criminal history category of III. See Resentencing Report. Lopez-Guzman requests a 149-month sentence on count one. See id.; [D.E. 46, 47].

The court has discretion under Amendment 782 to reduce Lopez-Guzman's sentence. See, e.g., Chavez-Meza v. United States, No. 17-5639, 2018 WL 3013811, at *4–7 (U.S. June 18, 2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Lopez-Guzman's sentence, the court finds that Lopez-Guzman engaged in serious criminal behavior involving a large amount of cocaine and a firearm. See PSR ¶¶ 5–12. Moreover, Lopez-Guzman is a recidivist and has convictions for disorderly conduct, possession of marijuana, and carrying a concealed weapon. See id. ¶¶ 14–17. Lopez-Guzman also has performed poorly on supervision and has virtually no work history. See id. ¶¶ 19, 33–35. Lopez-Guzman has taken some positive steps while incarcerated on his federal sentence, but sustained an infraction for using alcohol. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Lopez-Guzman received the sentence that was "sufficient, but not greater than necessary" under 18

2

U.S.C. § 3553(a). Further reducing Lopez-Guzman's sentence would threaten public safety in light of his serious criminal conduct, criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Lopez-Guzman's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 2018 WL 3013811, at *4–7; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Lopez-Guzman's motions for reduction of sentence [D.E. 46, 47].

SO ORDERED. This 30 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge